**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Rafael Ballesteros,

        Petitioner,          **Civil File No: 13-cv-1341 (JNE/SER)**

v.

        **REPORT AND RECOMMENDATION**

Tom Roy,

        Respondent.

---

Rafael Ballesteros, *Pro Se*, No. 218629, 1101 Linden Lane, Faribault, Minnesota 55021.

Johnathan R. Judd, Esq., Clay County Attorney's Office, 807 11th Street North, P.O. Box 280, Moorhead, Minnesota 56560, for Respondent.

Matthew Frank and James B. Early, Esqs., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondent.

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Rafael Ballesteros's ("Ballesteros") Amended Petition for Writ of Habeas Corpus ("Amended Petition") [Doc. No. 5]. Ballesteros pleaded guilty to third-degree criminal sexual conduct, and pursuant to the plea agreement, was sentenced to 117 months in prison. *State v. Ballesteros*, No. A12-0125, 2013 WL 216326, at *1 (Minn. Ct. App. Jan. 22, 2013). Ballesteros seeks relief under 28 U.S.C. § 2254, and argues that his plea was involuntary and unintelligent because he is illiterate, does not understand English, and trial counsel did not fully explain the consequences of a guilty plea. (Am. Pet. at 1). For these reasons, Ballesteros argues that his conviction is in violation of the Sixth and Fourteenth amendments of the United States Constitution. (*Id.*). Ballesteros requests an evidentiary hearing, appointment of counsel, and reversal of his conviction. (*Id.* at 2).

Respondent Tom Roy ("Respondent") argues that the record reflects Ballesteros is literate and speaks English. *See generally* (Resp't's Answer) [Doc. No. 9 at 8–9].[1] Respondent also argues that to the extent Ballesteros's claim regarding trial counsel's failure to explain the consequences of a guilty plea is a claim for ineffective assistance of counsel, that argument is waived because Ballesteros did not raise it during his direct appeals. (*Id.* at 2, 9–10).

This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying Ballesteros's Amended Petition and dismissing the action.

I.     BACKGROUND

On March 25, 2011, the State of Minnesota (the "State") charged Ballesteros with one count of first-degree criminal sexual conduct following a law enforcement report that Ballesteros sexually assaulted a young girl.[2] *Ballesteros*, 2013 WL 216326, at *1. A probation officer drafted a sentencing worksheet that showed Ballesteros had a criminal history score of four, and

---

[1]     Respondent's Answer includes his Answer, Memorandum in Opposition to Petition for Writ of Habeas Corpus, and state court records. *See generally* (Resp't's Answer). Because these items were filed as one document, the Court will cite to Respondent's Answer and the page numbers assigned by CM/ECF when referring to any of the items filed with the Answer.

[2]     The first-degree criminal sexual conduct charge was brought as a violation of Minnesota Statute § 609.342, subdivision 1(a), which provides:

> A person who engages in sexual penetration with another person, or in sexual contact with a person under 13 years of age as defined in section 609.341, subdivision 11, paragraph (c), is guilty of criminal sexual conduct in the first degree if any of the following circumstances exists:
>
> (a)     the complainant is under 13 years of age and the actor is more than 36 months older than the complainant. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense[.]

would therefore have a presumptive sentence of 234 months.[3]  *Id.*  This worksheet appears to have been the basis of plea negotiations.  *Id.*  On September 29, 2011, the State amended its complaint to include one count of third-degree criminal sexual conduct.[4]  *Id.*  The parties reached a plea agreement that stated the first-degree charge would be dismissed and Ballesteros would be sentenced to 117 months of imprisonment.[5]  *Id.*  Pursuant to this agreement, Ballesteros entered—and the district court accepted—an *Alford–Goulette* plea to third-degree criminal sexual conduct.[6]  *Id.*  Before sentencing, Ballesteros moved for withdrawal of his guilty plea.  *Id.*  Ballesteros argued he had a reading disability, did not understand the plea agreement, did not speak English, and was "tricked" into entering the plea.  *Id.*  The district court denied the motion and sentenced Ballesteros to 117 months pursuant to the plea agreement.  *Id.*

Ballesteros appealed to the Minnesota Court of Appeals.  *Id.*  Ballesteros argued that the district court erred in denying his motion to withdraw his guilty plea because the factual basis of his plea was inaccurate (implicating the "manifest injustice" standard), and because the district

---

[3] An individual's criminal history score calculates a number of points based on the individual's "prior felonies; custody at the time of the offense; prior misdemeanors and gross misdemeanors; and prior juvenile adjudications."  Minn. Sentencing Guidelines 2.B. (Aug. 1, 2013), *available at* http://mn.gov/sentencing-guidelines/images/2013%2520Guidelines.pdf at 10. The criminal history score is then used to determine the guidelines sentence.  *See id.*

[4] The third-degree criminal sexual conduct charge was brought in violation of Minnesota Statute § 609.344, subdivision 1(d), which provides:  "A person who engages in sexual penetration with another person is guilty of criminal sexual conduct in the third degree if . . . (d) the actor knows or has reason to know that the complainant is mentally impaired, mentally incapacitated, or physically helpless[.]"

[5] The presumptive sentence for third-degree criminal sexual conduct for an individual, like Ballesteros, with a criminal history score of four, is 117 months.  *Ballesteros*, 2013 WL 216326, at *1; *see also* Minn. Sentencing Guidelines 4.B. (Aug. 1, 2013), *available at* http://mn.gov/sentencing-guidelines/images/2013%2520Guidelines.pdf at 75.

[6] An *Alford-Goulette* plea is one where the defendant maintains his innocence, but admits that the State would likely offer sufficient evidence to convict him.  *Id.* at *3 (citing *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977)).

court erred in rejecting his arguments (implicating the "fair-and-just" standard).[7] *Id.* at *2; *see also* (Resp't's Answer at 59–70). The Minnesota Court of Appeals affirmed. *Ballesteros*, 2013 WL 216326, at *1, 7.

First, the appellate court found that there was no manifest injustice because the factual basis for Ballesteros's claim was adequate. *Id.* at *2–5. Ballesteros argued that his plea did not establish that the girl was "physically helpless" as described in the Minnesota Statutes for third-degree criminal sexual conduct. *Id.* at *3 (citing Minn. Stat. §§ 609.341, subdiv. 9; 609.344, subdiv. 1(d)). The appellate court found that caselaw required an *Alford-Goulette* plea must have "a sufficient factual basis if the [S]tate's evidence is likely to lead to a conviction on the offense to which the defendant has pleaded guilty **or another, more serious offense that was charged**." *Ballesteros*, 2013 WL 216326, at *4 (emphasis in original). Therefore, the appellate court did not find it necessary to resolve whether the girl was "physically helpless" as the third-degree criminal sexual conduct statute required. *Id.* Instead, the appellate court found that Ballesteros acknowledged that a jury was likely to convict him of first-degree criminal sexual conduct based on the State's evidence. *Id.* at *4–5. The appellate court determined that "the district court had an independent basis to conclude that there [was] a strong probability that a jury would find [Ballesteros] guilty . . ." of first-degree criminal sexual conduct because the girl's young age was not disputed and because of the State's evidence. *Id.* at *5 (citation omitted). Therefore, the appellate court concluded that because there was a strong probability that Ballesteros would have been convicted of first-degree criminal sexual conduct, a crime "at least as great" as that to

---

[7] In Minnesota, a court must permit a defendant to withdraw his guilty plea "to correct a manifest injustice," or "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subdivs. 1, 2. Because the nuances of these standards are not relevant to the instant habeas petition, the Court does not further describe these standards. *See Ballesteros*, 2013 WL 216326, at *2–3, 5 (describing each standard).

which he pleaded guilty, there was "a sufficient factual basis for Ballesteros's *Alford-Goulette* plea to third-degree criminal sexual conduct." *Id.*

Second, the appellate court found that the district court did not err when it denied Ballesteros's motion to withdraw his guilty plea because it would be fair and just to do so. *Id.* at *5–7. In his brief submitted by counsel, Ballesteros made essentially the same arguments he made at the district court level: that he did not understand the plea agreement, and that he has deficient communication skills. *Id.* at *6; *see also* (Resp't's Answer at 68–70). Ballesteros also argued that the statements made by his trial counsel show that it would have been "fair and just" for the district judge to permit Ballesteros to withdraw his plea. (Resp't's Answer at 68–69). These statements include Ballesteros's attorney telling him that Ballesteros would be convicted because the victim is white and Ballesteros is Hispanic, and that he would not get a jury of his peers. (*Id.* at 68). In his *pro se* supplemental brief, Ballesteros again argued that his attorney pressured him to take the plea and that he would not get a fair trial. (*Id.* at 91–92). Ballesteros also argued that he "felt very confused[.]" (*Id.* at 92).

The appellate court found that the record in the district court supported the district court's decision that Ballesteros did not have any trouble understanding the proceedings against him, and that he understood English. *Ballesteros*, 2013 WL 216326, at *6–7. Additionally, the appellate court noted that the district court questioned Ballesteros and answered Ballesteros's questions about the evidence against him, including his past convictions. *Id.* at *7. The district court found that Ballesteros's plea was voluntary because he "knew what he was doing at the plea hearing[,] intelligently gave up his rights voluntarily[,] and . . . failed to introduce any evidence to show otherwise." *Id.* at *7. The appellate court found that this supported the district

court's rejection of Ballesteros's motion to withdraw his guilty plea based on involuntariness due to a jury's potential racial attitudes. *Id.*

Ballesteros filed a Petition for Review at the Minnesota Supreme Court through counsel. (Pet. for Review of Decision of Court of Appeals, "Pet. for Review," Ex. 1, Attached to Letter to Clerk's Office Dated Mar. 19, 2014) [Doc. No. 14-1]. In his Petition for Review, Ballesteros sought review of the Minnesota Court of Appeals's decision affirming the validity of his plea by holding that "the factual basis for the plea would have supported a conviction for the . . . more serious crime of first-degree criminal sexual conduct." (*Id.* at 3).[8] Ballesteros made no other arguments through counsel, and the record does not reflect that Ballesteros filed a *pro se* supplemental Petition for Further Review advancing any additional arguments. *See* Case Management System, Minn. Appellate Cts., macsnc.courts.state.mn.us/ctrack/publicLogin.jsp (click "Accept" and search for case number A12-0125) (last visited Apr. 30, 2014). The Minnesota Supreme Court denied review. (Resp't's Answer at 112).

Ballesteros filed his first habeas petition on June 5, 2013. (Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, the "Original Pet.") [Doc. No.1]. This Court ordered him to submit an amended, signed petition, which he filed on July 11, 2013. (Order Dated June 20, 2013) [Doc. No. 4]; (Am. Pet.). Ballesteros now argues he is entitled to habeas relief because his guilty plea was involuntary and unintelligent for two reasons: First, he argues he is illiterate, and therefore his plea violated the Fourteenth Amendment. (Am. Pet. at 1). Second, he argues he has a limited understanding of English, and his trial counsel "did not fully explain" what pleading guilty meant or "what the punishment would be." (*Id.*). Ballesteros argues that these claims violate the Sixth and Fourteenth amendments. (*Id.*). Ballesteros asks for

---

[8]  The cited page numbers in the Petition for Review refer to those assigned by CM/ECF.

an evidentiary hearing, appointment of counsel, and for his conviction to be overturned. (*Id.* at 2).[9] Respondent filed an answer, memorandum in support of the answer, and state court records. (Resp't's Answer).[10] Ballesteros filed a response and an accompanying exhibit. (Pet'r's Resp. to Resp't's Br. Dated 12/10/2013, "Ballesteros's Resp.") [Doc. No. 10]; (Ex.) [Doc. No. 11].

## II. DISCUSSION

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes the standards that govern substantive review of Ballesteros's habeas claims. The relevant portion of AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit has explained:

> A state court decision is "contrary to" clearly established federal law if it either "arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law" or "decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts." . . . A state court "unreasonably applies" Supreme Court precedent if it "identifies the correct governing legal

---

[9] Ballesteros's Original Petition states that he is entitled to relief because he "did not know what [he] was pleading guilty to at the time, or what the law was." (Original Pet. at 5). The cited page number refers to the page number assigned by CM/ECF. Because the Court finds Ballesteros's Amended Petition contains a more clear statement of the same claim, the Court does not separately consider the claim made in his Original Petition.

[10] Pursuant to this Court's Order, Respondent later supplemented the state court record by separately filing Ballesteros's Petition for Review. *See* (Order Dated Feb. 20, 2014) [Doc. No. 13]; (Letter to Clerk's Office Dated Mar. 19, 2014) [Doc. No. 14].

principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). The United States Supreme Court recently clarified that this is standard is difficult to meet. *White v. Woodall*, --- S. Ct. ---, No. 12-794, slip op. at 3 (Apr. 23, 2014) (citations omitted). "[C]learly established law" relates to the Supreme Court's holdings, not to its dicta. *Id.* (citations omitted). Additionally, any "unreasonable application" must be "objectively unreasonable[;]" an application that is "merely wrong" or "clear error" is not sufficient." *Id.* at 3–4 (citation omitted). Instead, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 4 (citation omitted).

A writ of habeas corpus can also be granted if the state court's resolution of a prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court evidentiary record. *See id.*

Needless to say, a federal district court is not allowed to conduct its own *de novo* review of a prisoner's constitutional claims. *Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter."). "AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, . . . and demands that state-court decisions be given the benefit of the doubt . . . ." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations and quotations omitted). Habeas relief cannot be granted unless the petitioner has identified, and substantiated,

a specific error committed by the state courts. *See, e.g.*, *Harrington v. Richter*, 131 S. Ct. 770, 785–86 (2011) (explaining the burdens faced by a federal habeas petitioner seeking relief based on an alleged error by the state court). Moreover, the petitioner must show that the error is one that is actionable under § 2254(d). *See id.* The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

### B. Procedural Default

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted the state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Gill v. Swanson*, Civil No. 07-4555 (JMR/AJB), 2008 WL 4371378, at *2 (D. Minn. Sept. 22, 2008). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies . . . , thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotations omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citation omitted). Thus, a claim has not been fairly presented if a state appellate court expressly declines

9

to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented to the highest available state court, a court must determine whether state procedural rules would allow a hearing on the merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citations omitted). If the state's procedural rules preclude a hearing on the merits, the petitioner has procedurally defaulted and is procedurally barred from federal habeas relief unless either cause and prejudice or a miscarriage of justice can be shown. *Id.*

Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure . . . ." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). When a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McCall*, 114 F.3d at 757.

Minnesota law provides that all matters raised in a petitioner's direct appeal and all claims known but not raised are barred from consideration in a subsequent post-conviction petition. *McCall*, 114 F.3d at 757 (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)). A petitioner can avoid the state court procedural bar only by demonstrating cause for default and actual prejudice as a result of the violation of federal law or by showing actual innocence (also called the miscarriage of justice exception). *Schlup v. Delo*, 513 U.S. 298, 314–17 (1995); *McCall*, 114 F.3d at 758.

### C. Analysis

#### 1. Involuntary and Unintelligent Argument

Ballesteros's claim that his guilty plea was involuntary and unintelligent is unexhausted. Ballesteros raised the underlying issues—that he has deficient communications skills, does not speak English, and was "tricked" into entering his plea—before the Minnesota Court of Appeals in his brief by counsel. *See* (Resp't's Answer at 68). These issues, however, were not raised in his Petition for Review to the Minnesota Supreme Court. *See* (Pet. for Review). Instead, the only issue raised in his Petition for Review was that the underlying factual basis for his *Alford-Goulette* plea was insufficient with respect to the offense to which he pleaded. *See* (*id.* at 3). Because the issue of his guilty plea being involuntary and unintelligent was not raised to the Minnesota Supreme Court, the state's highest court, the claim is unexhausted. *See Baldwin*, 541 U.S. at 29.

Because the claim is unexhausted, the Court must now consider whether a state procedural rule would preclude a hearing on the merits. *McCall*, 114 F.3d at 757 (citation omitted). Under Minnesota law, when a petitioner has directly appealed, "'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post[-]conviction relief.'" *Id.* (quoting *Knaffla*, 243 N.W.2d at 741). Therefore, Minnesota law prevents further review of this claim, and it is procedurally defaulted because Ballesteros knew of the claim (and in fact, raised it before the Minnesota Court of Appeals) but failed to raise it before the Minnesota Supreme Court. *Id.*; *see also Gill*, 2008 WL 4371378, at *3. Ballesteros can only overcome his procedural default by showing that he had either cause for the default and suffered actual prejudice, or by showing actual innocence. *Coleman*, 501 U.S. at 750. Because no argument supporting either exception was made and a review of the record

does not support either exception, Ballesteros is procedurally defaulted and this Court cannot consider the claim for the purposes of federal habeas review. *See id.*; *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Respondent argues the Minnesota Court of Appeals's decision regarding Ballesteros's claim his plea was involuntary and unintelligent was not an unreasonable determination of the facts in light of the evidence. *See* (Resp't's Answer at 8–9). This argument presupposes that Ballesteros's claim is exhausted and not procedurally defaulted. *See Baldwin*, 541 U.S. at 29; *Gill*, 2008 WL 4371378, at *3. The Court finds the claim is unexhausted, and therefore Respondent's argument need not be addressed. But for the sake of the completeness, the Court determines that even if it considered Ballesteros's claims on the merits, Ballesteros is not entitled to habeas relief.

Ballesteros makes no argument that the appellate court's decision was contrary to the United States Supreme Court's clearly established law. *See generally* (Am. Pet.); *see also* 28 U.S.C. § 2254(d)(1). Instead, Ballesteros's claims seem to rely on the provision that permits habeas relief where the state court has made "an unreasonable determination of the facts in light of the evidence . . . " because Ballesteros is challenging the district court's refusal to permit him to withdraw his guilty plea. § 2254(d)(2); *see also* (Am. Pet. at 1). The appellate court described the district court's consideration of Ballesteros's arguments that he does not speak English and did not understand the plea agreement. *Ballesteros*, 2103 WL 216326, at *6. The appellate court relied on the district court's statements on the record:

> I've had Mr. Ballesteros in front of me for [the] better part of 2011 and every single hearing I have spoken to him. He has spoken to me. When he got up on the stand and gave up his rights and I personally questioned him, he made no indication that he couldn't understand me. I asked about the language issues. He's lived in this area for the majority of his life and there was no indication to

> the [c]ourt that a Spanish[-]speaking interpreter would have aided him in any way.
>
> Additionally, he has written to me numerous, numerous letters[,] all in English with probably better grammar and punctuation and spelling than most people I get from the jail, plus he wrote one today and read it to me all in English. So I'm not finding that there is a factual basis to withdraw his plea because he doesn't speak and understand the English language.

*Id.*; *see also* (Resp't's Answer at 36–37). Based on the appellate court's analysis and the district court's statements, the record demonstrates that the appellate court's determination—that the district court did not err in refusing to allow Ballesteros to withdraw his guilty plea—was not unreasonable in light of the evidence. *See* § 2254(d)(2). Therefore, even if Ballesteros's claim could be considered on the merits—which the Court finds it could not—habeas relief would still not be appropriate.

### 2.   Trial Counsel's Failure to Explain Consequences

Part of Ballesteros's argument that his plea was involuntarily and unintelligent is based on his assertion that his trial counsel failed to "fully explain to [Ballesteros] in detail what pleading guilty would entail or what the punishment would be, in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (Am. Pet. at 1). Respondent posits that this may be a separate claim for ineffective assistance of counsel. *See* (Resp't's Answer at 2, 9–10). The Court disagrees.

Ballesteros made similar arguments about his trial counsel to the Minnesota Court of Appeals. *See* (*id.* at 68). For example, in his brief through counsel, he reiterated his argument at the district court that "his attorney and the prosecutor tricked him into entering a plea of guilty[,]" that his attorney advised him that "this was a white community and that [he] would not have a chance on the grounds that the victim was a white female[,]" and that his attorney told him "he would not get a jury of his peers because anyone Hispanic or black in the community

13

were illegals or drug related [sic]." (Resp't's Answer at 68) (citations omitted). Ballesteros argued that the district court did not address these assertions, and therefore Ballesteros presented a fair and just basis for the district court to allow him to withdraw his guilty plea. (*Id.* at 69–70). Similarly, in his *pro se* supplemental brief, Ballesteros claimed his attorney was working against him, pressured him to make a decision, and entered the plea against his will. (*Id.* at 91–92). In both his counseled brief and his *pro se* brief to the Minnesota Court of Appeals, these arguments were made in support of his argument that he should have been allowed to withdraw his guilty plea. *See* (*id.* 69–70, 91–92). The Minnesota Court of Appeals addressed these arguments in the context of whether his guilty plea was involuntary and unintelligent under the "fair-and-just" standard. *Ballesteros*, 2013 WL 216326, at *7. The appellate court summarized these arguments, and found that there was no evidence supporting Ballesteros's conclusory allegations, and therefore the record at the district court supported the district court's decision to reject "Ballesteros's argument that his guilty plea [was] involuntary because of his concern about the jury's racial attitudes." *Id.*

In the instant petition, Ballesteros argues that his trial counsel failed to "fully explain to [Ballesteros] in detail what pleading guilty would entail or what the punishment would be, in violation of the Sixth and Fourteenth Amendments to the United States Constitution." (Am. Pet. at 1). This phrase is part of Ballesteros's argument that his plea was involuntary and unintelligent because he does not understand English. (*Id.*). The Court disagrees with Respondent's characterization of this argument as one for ineffective assistance of counsel. Instead, the Court interprets this language from Ballesteros's habeas petition as the same argument or further explanation of his argument at the Minnesota Court of Appeals that he entered his plea based on various statements made by his attorney.

Therefore, because this argument is the same as Ballesteros's involuntary and unintelligent argument discussed above, it is unexhausted because he did not present the argument to the Minnesota Supreme Court. *See* (Pet. for Review). Additionally, the argument is procedurally barred because it was raised on direct appeal, which prevents Ballesteros from raising it again in a post-conviction procedure. *See McCall*, 114 F.3d at 757 (quoting *Knaffla*, 243 N.W.2d at 741).[11]

In conclusion, the Court finds that all of Ballesteros's claims are procedurally barred from habeas review because he failed to raise them to the Minnesota Supreme Court, and because state court rules preclude a hearing on the merits. Therefore, the Court recommends that Ballesteros's Amended Petition be denied, and this action be dismissed.

### 3. Ballesteros's Other Requests

Although they are not formally styled as motions, the Court considers Ballesteros's request for an evidentiary hearing and his request that counsel be appointed, which were made in his Amended Petition. *See* (Am. Pet. at 2).

---

[11] In his response, Ballesteros argues that his claims "imply a defense of ineffective counsel; however, more importantly, they make clear that [Ballesteros] truly believed he would not receive a fair trial based on his minority status and language barrier—a sentiment that his attorney was not able to allay, and perhaps augmented." (Ballesteros's Resp. at 1). He then goes on to refer to a letter he sent on October 16, 2011, which makes the same claims regarding his race and the victim's race. (*Id.* at 2); *see also* (Ex. at 1). Even if Ballesteros is now attempting to recast his claim as one for ineffective assistance of counsel, he already presented the same complaint to the Minnesota Court of Appeals, as discussed above. *See* Ballesteros, 2013 WL 216326, at *7. And because it was not presented to the Minnesota Supreme Court and state court rules preclude a hearing on the merits, it is procedurally defaulted and cannot be reviewed by the Court as part of Ballesteros's habeas petition. *See McCall*, 114 F.3d at 757 (quoting *Knaffla*, 243 N.W.2d at 741).

### a. Evidentiary Hearing

Ballesteros requests a hearing to permit him to "present evidence and subpoena witnesses." (Am. Pet. at 2).

A federal habeas court may only hold an evidentiary hearing if the petitioner shows that

(A) the claim relies on—

  (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "A petitioner is not entitled to a hearing when the record establishes his claims are barred from habeas review or are without merit." *White v. Dingle*, No. 06-cv-1343 (PJS/SER), 2012 WL 6853473, at *18 (D. Minn. Aug. 7, 2012) *report and recommendation adopted* 2013 WL 146512 (Jan. 14, 2013) (citing *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994) (citations omitted)).

Here, as discussed above, Ballesteros is not entitled to federal habeas review because his claims are procedurally defaulted. Therefore, the Court recommends denying Ballesteros's request for an evidentiary hearing. *See id.*

### b. Appointment of Counsel

Ballesteros requests appointment of counsel because he is illiterate and has a limited understanding of the English language. (Am. Pet. at 2).

There is no constitutional or statutory right to counsel for indigent litigants in civil cases. *See, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (citations omitted); *Hoggard v.*

*Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). Counsel may be appointed in a habeas case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, . . . for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel in a habeas petition is within the trial court's discretion. *Hoggard*, 29 F.3d at 471; *McCall*, 114 F.3d at 756. When considering a petitioner's motion to appoint counsel, a court should consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court[-]appointed counsel." *McCall*, 114 F.3d at 756 (citation omitted).

After considering these factors, the Court concludes that the factual and legal issues raised in Ballesteros's petition are not so complex that an appointment of counsel is warranted. Based on Ballesteros's submissions, it appears Ballesteros has the ability to articulate and investigate the factual and legal basis of his claims to the Court. Ballesteros ably filed his Petition, Amended Petition, response, and an accompanying exhibit. *See id.* (citation omitted). The Court, therefore, recommends denying Ballesteros's request to appoint counsel.

### III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Ballesteros's claims any differently than they have been decided here. Ballesteros has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Ballesteros not be granted a COA in this matter.

## IV. RECOMMENDATION

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Ballesteros's Amended Petition for habeas relief under 28 U.S.C. § 2254 [Doc. No. 5] be **DENIED**;

2. Ballesteros's request for an evidentiary hearing be **DENIED**;

3. Ballesteros's request for appointment of counsel be **DENIED**;

4. This action be **DISMISSED**; and

5. If this Report and Recommendation is adopted, a COA should not issue, and judgment should be entered accordingly.

Dated: May 2, 2014

               *s/Steven E. Rau*
               STEVEN E. RAU
               United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 16, 2014,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not

constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.